The Honorable Marsha J. Pechman

IN THE UNITED STATES DISTRICT COURT,

WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| Eve Productions, LLC<br><br>Plaintiff,<br>vs.<br><br>Doe aka fbkf@sroff.com,<br><br>Defendant. | ) | Case No.: 2:21-cv-251-MJP<br><br>**PLAINTIFF'S SECOND *EX PARTE* MOTION FOR EARLY DISCOVERY PRIOR TO RULE 26(f) CONFERENCE AND MOTION TO EXTEND DEADLINE TO SERVE; INCORPORATED MEMORANDUM OF LAW; DECLARATION OF COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>May 11, 2021 |

**PLAINTIFF'S SECOND *EX PARTE* MOTION FOR EARLY DISCOVERY AND MOTION TO EXTEND DEADLINE TO SERVE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Eve Productions, LLC ("Plaintiff") files this Second Motion for Early Discovery and Motion to Extend the Deadline to Serve ("Motion") in the above-captioned case, by and through its counsel. Plaintiff seeks leave of this Court to serve third party subpoenas on William Holt, Meredith Management, and any intermediary parent companies for Internet Protocol ("IP") address history logs and identifying information to ascertain the identity of the Doe Defendant aka

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

fbkf@sroff.com ("Defendant"), including the true name, physical address, email address, payment records, and account records. This information is essential to prosecuting the complaint filed by Plaintiff in this case. *See* Complaint [Doc. #1]. Plaintiff was granted early discovery [Doc. #5] through its First Motion for Early Discovery [Doc. #6] allowing Plaintiff to serve discovery demands on Internet Service Providers ("ISPs"), data service providers, and the email provider at sroff.com for identifying information of the Defendant. However, the identification of one of the subscribers is a vacation rental. Plaintiff moves this Court to grant this Motion so that it can subpoena the vacation rental to identify the Defendant. Plaintiff also moves this Court extend the deadline to serve the Defendant by 60 days to July 26, 2021.

## I. FACTUAL BACKGROUND

Plaintiff is the owner of the copyright registrations for the Work *Ava*. *See* Complaint [Doc. #1] at ¶65. As shown in Exhibit "1" to the Complaint, the Defendant is a BitTorrent user whose computer is interconnected with others and used for illegally copying and distributing Plaintiff's motion picture to others. *See* Exhibit "1" [Doc. #1-1], Complaint [Doc. #1] at ¶44-58. Plaintiff is suing the Defendant for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement. *See Id.*

Plaintiff discovered the Defendant's online activity on the Disqus platform under the usernames "lookinthemirrorloser" and "Harry S Cornhole" where he made comments that were racist, suggesting that a counsel for Plaintiff be murdered, and advocating piracy. *See* Complaint [Doc. #1] at ¶¶24, 28-32, 38-41. Subsequently, Plaintiff was able to ascertain the Defendant's email address fbkf@sroff.com as well as the IP addresses from where the comments were made. *See Id.* at ¶25. Comments were made by the Defendant from numerous IP addresses, including 71.193.144.236 between 1/5/2021-2/1/2021 (assigned by Comcast), 68.186.24.19 on 9/22/2020

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

(assigned by Charter), and 167.99.109.10 on 2/1/2021 (assigned by Digital Ocean) in which Defendant explicitly encourages and supports movie piracy. *See Id.* at ¶¶12-15; 37-41. Additional IP addresses from one or more Virtual Private Networks ("VPNs") were discovered wherein Defendant makes similar comments bragging about his use of movie piracy websites and using a VPN to do so. *See Id.* at ¶¶40-41. Using these same IP addresses, Defendant downloaded and shared copies of Plaintiff's Work. *See Id.* at ¶42.

After Plaintiff was granted leave for early discovery by this Court [Doc. #6], Plaintiff served subpoenas on the ISPs, data service providers, and the email provider sroff.com for identifying information. After obtaining subscriber identities from the ISPs, Plaintiff investigated and determined that the IP address 68.186.24.19 belongs to a property used for vacation rentals. *See* Decl. of Counsel at ¶2. The property is owned by William Holt ("Holt") who utilizes Meredith Management for rental management. *Id* at ¶¶3-4. In email conversations between Holt and Plaintiff's Counsel, Holt confirmed that the property was rented out during 9/22/2020, when the online comments were made from IP address 68.186.24.19. *Id*. Plaintiff believes the Defendant rented this property at that time. However, Plaintiff has been unable to receive a response from Meredith Management regarding the identity of the renter during that time. *Id.* at ¶¶5-6. As such, Plaintiff has been unable to confirm the identity of the Defendant for proper service. *Id.* at ¶7.

## II. ARGUMENT

### A) Plaintiff has shown good cause for early discovery

*Federal Rule of Civil Procedure* 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery. *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

discovery); *Microsoft Corp. v. Mai*, 2009 WL 1393750, at *5 (W.D. Wash. 2009) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"); *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (noting that courts have permitted "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendants") (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Factors considered by courts in determining whether to allow early discovery include: (1) whether plaintiff has made a *prima facie* showing of infringement; (2) whether plaintiff has identified the doe defendants with sufficient particularity; and, (3) whether the requested discovery is likely to lead to identifying information. *See, e.g., Patrick Collins, Inc. v. Does 1-1219,* 2010 WL 5422569 at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted). All of these factors are satisfied in this case.

With respect to the first factor, Plaintiff has made a prima facie case of copyright infringement. Plaintiff has alleged that it owns and registered the copyright of the subject Work, that the Defendant reproduced and distributed the Work, and that Plaintiff has suffered resulting damage. *See* Complaint [Doc. #1] at ¶¶117-127. With respect to its claim for contributory copyright infringement, Plaintiff has alleged that Defendant, by participating in the file-sharing, caused or contributed to the direct infringement by others. *See Id.* at ¶¶128-133. Moreover, Plaintiff's allegations of infringement are verified by Daniel Arheidt of Maverickeye UG. *See* Declaration of Daniel Arheidt [Doc. #5-1].

Second, Plaintiff has identified the Defendant with as much specificity as was available to it following the initial subpoenas. Indeed, Plaintiff believes the renter of the rental property on 9/22/2020 is the Defendant, but requires further early discovery to confirm and satisfy due diligence.

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

Finally, the early discovery requested by Plaintiff will confirm the Defendant's identity and will allow Plaintiff to properly serve process on the Defendant. Plaintiff seeks early discovery to subpoena Holt, Meredith Management, and any intermediate parent companies in order to obtain identifying information of the renter of Holt's property on 9/22/2020 including the true name, physical address, email address, payment records, and account records of the Defendant, as well as IP login records stored in the router utilized at the rental property for the IP address 68.186.24.19 that will identify the specific devices that accessed the router.

B) <u>Plaintiff has shown good cause to extend the deadline to serve</u>

Pursuant to *Federal Rules of Civil Procedure* 4(m) and 6(b), Plaintiff seeks approval of this Court to extend the deadline to serve the Defendant. Since Plaintiff cannot confirm the identity of the Defendant, Plaintiff cannot properly serve process on the Defendant. *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served."). Thus, should this Court grant Plaintiff's Motion for early discovery, Plaintiff will seek identifying information from Holt and Meredith Management. Assuming a two-week reply time for the subpoenas and subsequent investigation and due diligence, Plaintiff will likely not be able to serve Defendant within the 90 day deadline of filing the complaint. Thus, Plaintiff requests a 60 day extension of the deadline to serve Defendant.

## III. CONCLUSION

Plaintiff undoubtedly satisfies the parameters for showing good cause for early discovery. Moreover, Plaintiff has shown good cause for extending the deadline to serve Defendant. Accordingly, to confirm the Defendant's true identity, Plaintiff seeks this Court to authorize

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

Plaintiff to conduct early discovery to subpoena identifying records of the Defendant from Holt, Meredith Management, and any intermediary parent companies regarding the user of IP address 68.186.24.19 on 9/22/2020. Plaintiff further seeks this Court to authorize an extension of the deadline to serve by 60 days until July 26, 2021.

DATED: Kailua-Kona, Hawaii, May 11, 2021.

/s/ *Joshua Lee* ____________________
Joshua Lee, WSBA No. 57358
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: joshua.lee@culpepperip.com

PLAINTIFF'S SECOND EX PARTE MOTION FOR
EARLY DISCOVERY PRIOR TO RULE 26(f) CONFERENCE 6
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047