The Honorable Marsha J. Pechman

IN THE UNITED STATES DISTRICT COURT,

WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| Eve Productions, LLC | ) | Case No.: 2:21-cv-251-MJP |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S *EX PARTE* MOTION FOR** |
| vs. | ) | **LEAVE TO ISSUE FRCP 45 SUBPOENA** |
| | ) | **ON THIRD PARTIES AND TO EXTEND** |
| Doe aka fbkf@sroff.com, | ) | **DEADLINE TO SERVE** |
| | ) | |
| Defendant. | ) | NOTE ON MOTION CALENDAR: |
| | ) | June 28, 2021 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA ON THIRD PARTIES AND TO EXTEND DEADLINE TO SERVE**

Plaintiff Eve Productions, LLC ("Plaintiff") files this Motion for Leave to Issue Federal Rules of Civil Procedure ("FRCP") 45 Subpoena on Third Parties and to Extend the Deadline to Serve the Defendant by 60 days to September 27, 2021 in the above captioned case, by and through its counsel. Through early discovery granted by this court, Plaintiff has identified the subscriber of the Internet service confirmed to have committed infringing activities. However, the subscriber

PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO
ISSUE FRCP 45 SUBPOENA AND EXTEND DEADLINE 1
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

resides in a household with other individuals who may be the actual defendant. Thus, Plaintiff cannot conclusively determine the proper defendant. Plaintiff moves this court to grant it leave to issue a FRCP 45 subpoena on the identified subscriber in order to ascertain the proper defendant. This information is essential to prosecuting the complaint filed by Plaintiff in this case. *See* Complaint [Doc. #1].

## I.     FACTUAL BACKGROUND

Plaintiff is the owner of the copyright registrations for the Work *Ava*. *See* Complaint [Doc. #1] at ¶65. As shown in Exhibit "1" to the Complaint, the Doe Defendant is a BitTorrent user whose computer is interconnected with others and used for illegally copying and distributing Plaintiff's motion picture to others. *See* Exhibit "1" [Doc. #1-1], Complaint [Doc. #1] at ¶44-58. Plaintiff is suing the Doe Defendant for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement. *See Id*.

Plaintiff was granted early discovery [Doc. #6, 10] on the Internet Service Providers ("ISPs") assigned the Internet Protocol ("IP") addresses found to have committed the infringing activity and on the rental home where Defendant Doe committed further infringements. After receipt of the identity of the subscriber from the relevant ISPs and rental home management company ("Meredith Lodging, LLC"), Plaintiff engaged in further due diligence in a good faith effort to confirm that the identified subscriber was the person responsible for the infringing conduct, including utilizing publicly available social media information from Facebook and LinkedIn. *See* Decl. of Counsel at ¶3. Plaintiff has determined that the identified subscriber is an adult member in a household with other adult individuals. *See Id.* at ¶3. In order to determine whether the identified subscriber committed the infringements, or another adult in the household committed the infringements, Plaintiff sent an email to the identified subscriber requesting

PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO
ISSUE FRCP 45 SUBPOENA AND EXTEND DEADLINE   2
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

voluntary participation in identifying the actual infringer if different from the subscriber. Plaintiff did not receive any responses. *See Id.* at ¶5.

As such, Plaintiff is left with the options of proceeding against the identified subscriber as provided by the ISPs and Meredith Lodging, LLC and possibly substituting another party on discovery, or seeking further discovery to ascertain the identifies of the true Defendant prior to naming the parties.

## II.   ARGUMENT

### A) Plaintiff should be permitted to issue FRCP 45 subpoenas

*Federal Rule of Civil Procedure* 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery. *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Microsoft Corp. v. Mai,* 2009 WL 1393750, at *5 (W.D. Wash. 2009) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"); *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (noting that courts have permitted "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendants") (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Factors considered by courts in determining whether to allow early discovery include: (1) whether plaintiff has made a prima facie showing of infringement; (2) whether plaintiff has identified the doe defendants with sufficient particularity; and, (3) whether the requested discovery is likely to lead to identifying information. *See, e.g., Patrick Collins, Inc. v. Does 1-1219*, 2010 WL 5422569 at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted). All of these factors are satisfied in this case.

PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO
ISSUE FRCP 45 SUBPOENA AND EXTEND DEADLINE 3
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

With respect to the first factor, Plaintiff has made a prima facie case of copyright infringement. Plaintiff has alleged that it owns and registered the copyright of the subject Work, that the Defendant reproduced and distributed the Work, and that Plaintiff has suffered resulting damage. *See* Complaint [Doc. #1] at ¶¶117-127. With respect to its claim for contributory copyright infringement, Plaintiff has alleged that Defendant, by participating in the file-sharing, caused or contributed to the direct infringement by others. *See Id.* at ¶¶128-133.

Second, Plaintiff has identified the Defendant with as much specificity as was available to it. In response to subpoenas, the ISPs and Meredith Lodging, LLC provided the subscriber's identity, but Plaintiff cannot completely ascertain whether the named subscriber or a member of her household should be the named Defendant, absent the requested discovery.

Finally, the early discovery requested by Plaintiff is likely to reveal identifying information that will allow Plaintiff to identify and serve process on the Doe Defendant. The early discovery requested by the Plaintiff will likely reveal the true individual who conducted the infringing activity or at least eliminate some individuals. Particularly, Plaintiff is confident that a deposition of the identified subscriber will lead to a good faith belief of which of the household members are responsible for the activity and thus should be named as the appropriate Defendant.

Accordingly, Plaintiff submits that it has shown good cause to allow it to conduct early discovery as requested.

**b) Suggested parameters for FRCP 45 subpoena**

In view of the plaintiff's responsibility to avoid imposing undue burden or expense on the person subject to the subpoena per FRCP 45(d), this court has previously granted a FRCP 45 subpoena in similar circumstances with strict parameters. *Dallas Buyers Club, LLC v. Does 1-10*, No. C14-1819RAJ (W.D. Wash. July 1, 2015). Plaintiff requests leave to file third party subpoenas

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

to the subscriber identified by the ISPs and Meredith Lodging, LLC in line with the applicable conditions as in *Dallas Buyers Club*:

1. All depositions conducted by Plaintiff will be conducted online or telephonically, assuring no need for burdensome travel, particularly in light of ongoing COVID-19 restrictions. Plaintiff shall take into consideration the subscriber's work schedule and day to day life requirements when determining a schedule for the deposition. Depositions will be limited to no longer than 2 hours.

2. Plaintiff shall serve a copy of this Order with any subpoenas issued pursuant to this Order.

3. The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.

4. Plaintiff's subpoena shall demand only deposition testimony at a deposition of two hours or fewer, and shall provide at least 30 days from the date of service for compliance.

5. Within 90 days of service of the subpoena, Plaintiff shall file an amended complaint naming a defendant or dismissing the case.

6. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101, et seq.

Given the similar nature of this case, Plaintiff submits that an order containing the same conditions be entered. In the alternative, Plaintiff requests leave to name the identified subscriber or other resident and further leave to substitute without prejudice parties as may be properly identified with formal discovery.

**c) Plaintiff has shown good cause to extend the deadline to serve**

Pursuant to Federal Rules of Civil Procedure 4(m) and 6(b), Plaintiff seeks approval of this

PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO
ISSUE FRCP 45 SUBPOENA AND EXTEND DEADLINE 5
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

Court to extend the deadline to serve the Defendant. Since Plaintiff requests above for this court to issue a FRCP 45 subpoena in order for Plaintiff to confirm the identity of the Defendant, Plaintiff cannot properly serve process on the Defendant. *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served."). Thus, should this Court grant Plaintiff's Motion for FRCP 45 subpoena, Plaintiff will conduct deposition on the identified subscriber. Assuming a 30 day notice for the deposition, time for contesting the subpoena, and subsequent investigation and due diligence, Plaintiff will likely not be able to serve the proper Defendant by July 26, 2021. Thus, Plaintiff requests a 60 day extension of the deadline to serve Defendant to September 27, 2021.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court grant leave to the Plaintiff to issue FRCP 45 subpoena to the identified subscriber and extend the deadline to serve by 60 days.

DATED: Kailua-Kona, Hawaii, June 28, 2021.

/s/ *Joshua Lee*
Joshua Lee, WSBA No. 57358
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail:        joshua.lee@culpepperip.com

PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO
ISSUE FRCP 45 SUBPOENA AND EXTEND DEADLINE 6
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047