The Honorable Lauren King

IN THE UNITED STATES DISTRICT COURT,

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Eve Nevada, LLC and Voltage Holdings, LLC ) | Case No.: 2:21-cv-251-LK |
| ) | |
| Plaintiffs, ) | **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES AGAINST DEFENDANT; DECLARATION OF COUNSEL; PROPOSED ORDER** |
| vs. ) | |
| ) | |
| Michelle Derbyshire (formerly Doe aka fbkf@sroff.com), ) | |
| ) | |
| Defendant. ) | NOTE ON MOTION CALENDAR: January 11, 2022 |
| ) | |
| ) | |

## MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES AGAINST DEFENDANT MICHELLE DERBYSHIRE

Plaintiffs respectfully move this Court to enter default judgment against Defendant for the relief demanded in the Second Amended Complaint ("SAC") per Fed R. Civ. P. 55(b)(2).

### I. BACKGROUND

Defendant publicly boasts of using the notorious piracy websites YIFY and YTS, a seedbox for sharing pirated copies of movies and Virtual Private Networks ("VPNs") to "safely" pirate. *See* SAC [Doc. #27] at ¶¶44-47 ("oh yeah, yify baaaaby!...the site I regularly use…").  When Plaintiffs took legal action against the operators of the YTS website, Defendant posted racist comments

PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT                    1
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

against him including his address and even suggesting that he be murdered, among other racist posts against minorities from Internet Protocol ("IP") addresses that are tied to her home in Vancouver, Washington, a vacation rental where she was a confirmed guest, and her VPNs. *See Id*. at ¶¶14-42. Defendant pirated copies of Plaintiffs' Work multiple times with file names modified to include false and altered Copyright Management Information ("CMI") such as "Ava (2020) [1080p] [WEBRip] [5.1] [YTS.MX]" to include her preferred piracy website "YTS" – just as she boasts in her comments ("itsfun2steal") from the same IP addresses where she was making racist comments. *See Id*. at ¶¶48-60; Exhibit "1" [Doc. #27-1]. As such, Plaintiffs filed a Complaint to stop Defendant's infringing activities.

Plaintiffs personally served Defendant with a notice of Deposition, but Defendant refused to attend despite taking and the witness fee check and using it. *See* SAC [Doc. #27] at ¶¶68-70. After amending their Complaint, Plaintiffs attempted to serve Defendant personally and mailed her multiple letters, but Defendant refused service. *See* Affidavit of Service [Doc. #31-2]. After it became clear that Defendant was intentionally concealing herself and avoiding service, Plaintiffs served her by mail on October 5, 2021 per the Court Order. *See* Order Granting Motion to Serve by Mail [Doc. #20]. When Defendant failed to appear, Plaintiffs filed a Rule 55(a) request for the entry of default on January 10, 2022 [Doc. #31], which was granted by the Court. *See* Entry of Default [Doc. #32].

**II. ARGUMENT**

*A. Direct and Contributory Copyright Infringements Have Been Established*

Because the factual allegations of the SAC are deemed true, Plaintiffs have conclusively established that (1) they own a valid registered copyright, and (2) Defendant copies constituent elements of the work that are original. *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc*., 499

PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT           2
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); SAC at ¶71.  Moreover, Defendant's infringements were both knowing and willful. *See* Id. at ¶¶129-137.

Defendant also materially contributed to infringements of the Work by installing and operating a BitTorrent Client onto her computer and also a Seedbox to share copies of the Work in a BitTorrent swarm with other users. *Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 794–95 (9th Cir. 2007); *see* SAC at ¶¶97-111, 140-144.

### B. DMCA Violations have been established

17 U.S.C. § 1202(a)(2) and 1202((b)(2)-(3) provide for liability against one who knowingly and intentionally distributes false CMI knowing it will induce, enable, facilitate, or conceal an infringement of any right under this title.  Here, the file titles of the digital copies of the Work (modified with "YTS") Defendant distributed, qualifies as CMI as provided by 1202(c). *See* SAC at ¶¶115-123.  Plaintiffs have established that Defendant meets the dual intent standard required by section 1202(a) or (b) because Defendant knew she was using the piracy website "YTS" to obtain torrent files and that the file copies she was distributing included the unauthorized altered and false CMI "YTS" and that the copies she distributed would induce, enable, facilitate, or conceal infringement of the Work – indeed she even boasted of it and this is precisely how Defendant obtained her illegitimate copies.  *See* SAC at ¶¶115-123, 146-152.  Thus, unlike *Stevens v. CoreLogic*, Plaintiffs have established that Defendant demonstrated a "pattern of conduct" (movie piracy) or "modus operandi" (use of a notorious piracy site) that indicates that Defendant knew the result of her actions would be infringement. *Stevens v. CoreLogic*, 899 F.3d 666 (9th Cir. 2018), cert denied, 586 U.S. __ (U.S. Feb. 19, 2019).

### C. Default Judgment is Appropriate

Because Defendant has chosen to default instead of defending, she has admitted the truth

PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT                3
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

of the allegations asserted in the SAC. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). When evaluating whether to grant a judgment by default, courts consider the factors in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986). All the *Eitel* factors support default judgment for Plaintiffs. Plaintiffs would be prejudiced if the Court declines to enter default judgment. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Plaintiffs have not merely pleaded that defendant is the registered subscriber of an IP address associated with infringing activity as in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018). Rather, Plaintiffs have set forth her extensive involvement in piracy including screenshots of her public boasts. *See* SAC at ¶¶44-48, 80-82, 93-94; Exhibit "1" [Doc. #27-1]. Moreover, Defendant's default is not the result of excusable neglect. As discussed above, prior to being served Defendant was mailed multiple communications concerning this case, personally served with the notice of deposition and served the FAC and summons, but willfully avoided service.

### III. STATUTORY DAMAGES

Plaintiffs elect to receive statutory damages of $30,000 for Defendant's infringements of the Work pursuant to 17 U.S.C. § 504(c). Due to Defendant's refusal to participate in this case, Plaintiffs could not ascertain the full scope of her piracy activities. However, Plaintiffs know that Defendant reproduced and distributed copies of Plaintiffs' Work over multiple IP addresses over multiple days, that she brags about using her "seedbox" for pirating copies of movies, that she used the website YTS, that she believes it's fun to steal and that she purposely published comments to hinder Plaintiffs' counsel's enforcement of the copyright. *See* SAC at ¶¶44-48. Accordingly, Plaintiffs seek $30,000 in statutory damages from Defendant for her willful infringement.

Plaintiffs also elect to receive statutory damages of $25,000 for Defendant's CMI

PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT    4
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

violations of the DMCA. Pursuant to 17 U.S.C. § 1203(c)(3)(B), "a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." Defendant specifically posts online about the YTS website and how she uses VPNs and "killswitches" to avoid getting caught. *See* SAC at ¶¶44-48.

Courts in the 9th Circuit have awarded a wide range of statutory damages under 17 U.S.C. § 1203(c)(3)(B). *See*, *e.g., Sadowski v. Doe*, Civ. No. 1:18-cv-01703-MC at *6 (D. Or. Oct. 30, 2019) (awarding $2,500 per violation); *Glynn v. Cigar Store, Inc*., Case No. 18-cv-00031-MMC at *8 (N.D. Cal. Jun. 27, 2018) (awarding $3,500 per violation); *Pacific Stock, Inc. v. MacArthur & Company Inc*., Civil No. 11-00720 JMS/BMK at *R (D. Haw. Sept. 10, 2012) (awarding $10,000 per violation). Here, Defendant's willful distribution of unauthorized CMI and blatant encouragement of using the YTS website to others on public forums, Plaintiffs respectfully assert that maximum statutory damages of $25,000 is appropriate. Accordingly, Plaintiffs seek total statutory damages of $55,000.

## IV. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

Plaintiffs request that the Court grant their request for injunctive relief, permanently barring Defendant from directly and contributorily infringing Plaintiffs' copyrights in the Work. Plaintiffs further request this Court order Defendant to immediately delete the derogatory and inflammatory comments on public forums suggesting attorney Kerry S. Culpepper should be murdered to prevent hindering protection of the copyright in their Work. *See* SAC at ¶¶14-49. Defendant's extreme comments interfere with Plaintiffs' enforcement of copyrights and further encourage others to download works owned by the copyright holders. The Court is authorized to grant permanent injunctive relief to prevent or restrain copyright infringement and DMCA violations. *See* 17 U.S.C. §502(a)(2) and §1203(b)(1).

violations of the DMCA. Pursuant to 17 U.S.C. § 1203(c)(3)(B), "a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." Defendant specifically posts online about the YTS website and how she uses VPNs and "killswitches" to avoid getting caught. *See* SAC at ¶¶44-48.

Courts in the 9th Circuit have awarded a wide range of statutory damages under 17 U.S.C. § 1203(c)(3)(B). *See*, *e.g., Sadowski v. Doe*, Civ. No. 1:18-cv-01703-MC at *6 (D. Or. Oct. 30, 2019) (awarding $2,500 per violation); *Glynn v. Cigar Store, Inc*., Case No. 18-cv-00031-MMC at *8 (N.D. Cal. Jun. 27, 2018) (awarding $3,500 per violation); *Pacific Stock, Inc. v. MacArthur & Company Inc*., Civil No. 11-00720 JMS/BMK at *R (D. Haw. Sept. 10, 2012) (awarding $10,000 per violation). Here, Defendant's willful distribution of unauthorized CMI and blatant encouragement of using the YTS website to others on public forums, Plaintiffs respectfully assert that maximum statutory damages of $25,000 is appropriate. Accordingly, Plaintiffs seek total statutory damages of $55,000.

### IV. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

Plaintiffs request that the Court grant their request for injunctive relief, permanently barring Defendant from directly and contributorily infringing Plaintiffs' copyrights in the Work. Plaintiffs further request this Court order Defendant to immediately delete the derogatory and inflammatory comments on public forums suggesting attorney Kerry S. Culpepper should be murdered to prevent hindering protection of the copyright in their Work. *See* SAC at ¶¶14-49. Defendant's extreme comments interfere with Plaintiffs' enforcement of copyrights and further encourage others to download works owned by the copyright holders. The Court is authorized to grant permanent injunctive relief to prevent or restrain copyright infringement and DMCA violations. *See* 17 U.S.C. §502(a)(2) and §1203(b)(1).

Plaintiffs have satisfied the four factors of *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006): (1) Plaintiffs have suffered an irreparable injury by threatening royalties, damages to business goodwill and harm to development of a legitimate online distribution market; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between parties, Defendant will suffer no harm from being enjoined in unlawful conduct; and (4) the public interest is served by a permanent injunction.

Defendant's refusal to participate in this case demonstrates her failure to appreciate the seriousness of this proceeding, forming a high likelihood of continuing violations if Defendant is not enjoined. Notably, despite multiple notices of this action she has refused to take down her inflammatory comments promoting piracy and harm to counsel for Plaintiffs.

**V. PLAINTIFFS ARE ENTITLED TO ATTORNEY'S FEES.**

Pursuant to 17 U.S.C. § 505, Plaintiffs request a fee award as the prevailing party of $16,425 for Plaintiffs' counsel's attorney's fees as explained in the attached declaration.

**VI. CONCLUSION**

Accordingly, Plaintiffs respectfully request that the Court enter default judgment against Defendant and issue an award of statutory damages in favor of Plaintiffs of $55,000 and attorney's fees of $16,425.

DATED: Kailua-Kona, Hawaii, January 11, 2022.

/s/ *Joshua Lee*
Joshua Lee, WSBA No. 57358
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:     (808) 464-4047
Facsimile:      (202) 204-5181
E-Mail:          joshua.lee@culpepperip.com

PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT                    6
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date and by the method of service noted below, a true and correct copy of the foregoing motion and accompanying declarations and proposed order was served via FIRST CLASS MAIL to the following on January 11, 2022 at their last known address:

Michelle Derbyshire

19109 NE 25th St.

Vancouver, WA 98684

DATED: Kailua-Kona, Hawaii, January 11, 2022.

/s/ *Joshua Lee*
Joshua Lee, WSBA No. 57358
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:   joshua.lee@culpepperip.com

Certificate of Service
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT 1
(2:21-cv-251-MJP)

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI
Telephone (808) 464-4047